IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CAROL A. WARNER and RICHARD A. WARNER, | |
| Plaintiffs, | 8:14CV95 |
| vs. | ORDER |
| UNITED STATES, OMNI ELEVATOR COMPANY, INC., ELETECH, INC., and MICHAEL G. SLOCUM, | |
| Defendants. | |

This matter is before the court on the defendant's, the United States of America, Motion to Strike Jury Demand for all Claims Against the United States (Filing No. 42). The government filed a brief (Filing No. 43) in support of the motion. The plaintiffs did not respond. The plaintiffs bring this suit pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671, *et seq.*, for injuries the plaintiff, Carol A. Warner, allegedly sustained when an elevator at the Veterans Administration Medical Center malfunctioned and went into a free-fall. **See** Filing No. 33 - Second Amended Complaint.

The FTCA governs tort claims against the United States and waives the government's immunity in certain tort suits by providing that the "United States shall be liable [for torts] . . . in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. 28 U.S.C. § 1346(b)(1) provides this court with exclusive jurisdiction in this matter. Parties are not entitled to a jury trial under the FTCA. See *United States v. Neustadt*, 366 U.S. 696, 701 n.10 (1961); **see also** *Mader v. United States*, 654 F.3d 794, 797 n.1 (8th Cir. 2011) ("FTCA actions must be tried to a judge, not a jury."); 28 U.S.C. § 2402 ("[A]ny action against the United States under section 1346 shall be tried by the court without a jury[.]"). However, advisory juries may be permitted in FTCA actions. See *Andrade v. Chojnacki*, 338 F.3d 448, 457 (5th Cir. 2003) (allowing use of an advisory jury in an FTCA action but recognizing the judge was under no obligation to accept its verdict); **Newmann v. United States**, 938 F.2d 1258, 1259 (11th Cir. 1991) (explaining the district court utilized an advisory jury on an FTCA claim); *Moyer v. Martin Marietta Corp.*, 481 F.2d 585, 590 (5th Cir. 1973) (recognizing Fed. R. Civ. P. 39(c) permits the use of an advisory jury in an FTCA action). Under Federal Rule of Civil Procedure 39, "[i]n an

action not triable of right by a jury, the court, on motion or on its own: . . . may try any issue with an advisory jury[.]" Fed. R. Civ. P. 39(c). When deciding claims against the United States, "the court is free to accept or reject the jury's advisory verdict in making its own findings." *Harris v. Sec'y, U.S. Dep't of the Army*, 119 F.3d 1313, 1320 (8th Cir. 1997).

The government moves to strike the plaintiffs' demand for a jury trial and, recognizing the plaintiffs' claims against the non-federal defendants can be tried to a jury, the government also moves to prohibit the court from permitting a jury to render an advisory decision on the FTCA claims. **See** Filing No. 43 - Brief. If the court does utilize an advisory jury, the government reminds the court the use of an advisory jury does not relieve the court of its fact-finding and decision-making obligations in FTCA cases. *Id.* at 2-3.

The court will strike the plaintiffs' demand for a jury trial as to the FTCA claims. Additionally, the court declines to exercise its discretion to use an advisory jury. Allowing the plaintiff to present her claims against the government to an advisory jury could unnecessarily burden the jury with evidence and issues pertinent only to the government, potentially add confusion, and increase the length of the jury trial and costs. Therefore, considering the plaintiff has not opposed the government's motion and for the reasons stated above, the government's motion will be granted.

**IT IS ORDERED**:

The United States of America's Motion to Strike Jury Demand for all Claims Against the United States (Filing No. 42) is granted.

**ADMONITION**

Pursuant to NECivR 72.2 any objection to this Order shall be filed with the Clerk of the Court within fourteen (14) days after being served with a copy of this Order. Failure to timely object may constitute a waiver of any objection. The brief in support of any objection shall be filed at the time of filing such objection. Failure to file a brief in support of any objection may be deemed an abandonment of the objection.

Dated this 8th day of October, 2014.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge