IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CAROL A. WARNER, RICHARD A. WARNER,<br><br>                Plaintiffs,<br><br>     vs.<br><br>OMNI ELEVATOR COMPANY, Inc. a Maryland Corporation; MICHAEL G. SLOCUM, ELETECH, Inc.; and UNITED STATES,<br><br>                Defendants. | **8:14CV95**<br><br>**MEMORANDUM AND ORDER** |

      This matter is before the court on defendant Michael G. Slocum's Motion to Dismiss, Filing No. 39. This is an action arising under the Federal Tort Claims Act, 28 U.S.C.A. § 2671, *et seq.* ("FTCA"). Jurisdiction is based on 28 U.S.C. § 1346(b).

      In her Second Amended Complaint, the plaintiff alleges negligence by the defendants in connection with an alleged elevator mishap. She alleges defendant Slocum was acting within the course and scope of his employment as an electrician at the Omaha Veterans' Affairs Medical Center at the time of the incident. She seeks damages in the amount of $1,370,000 and has filed a claim with the Department of Veteran Affairs, which was denied on September 24, 2013.

      Defendant Slocum moves to dismiss for lack of jurisdiction under Fed. R. Civ. P. 12(b)(1) and for failure to state a claim under Fed. R. Civ. P. 12(b)(6). He contends the FTCA does not authorize suit against individual federal employees acting within the scope of their employment. In support of the motion, the United States Attorney for the District of Nebraska has certified that the individual defendant, Michael G. Slocum, was acting within the scope of his employment as an employee of the United States at the

time of the conduct alleged in the Second Amended Complaint. Filing No. 40, Index of Evid. , Attachment 1.  The plaintiff has not responded to the motion.

Under the Federal Rules, if the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.  Fed. R. Civ. P. 12(b)(h)(3).  The burden of proving subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) or 12(h)(3) falls on the plaintiff.  Osborn v. United States, 918 F.2d 724, 729-30 (8th Cir. 1990). The appropriate standard for review of a Rule 12(b)(1) motion depends on whether the motion challenges the factual truthfulness or the facial sufficiency of the plaintiff's jurisdictional allegations.  See, e.g., Stalley v. Catholic Health Initiatives, 509 F.3d 517, 520-21 (8th Cir. 2007).  When a defendant makes a factual attack, the court may consider matters outside of the pleadings that relate to the existence of subject matter jurisdiction.  See Osborn, 918 F.2d at 729 n.6, 730. In doing so, "the court may receive competent evidence such as affidavits, deposition testimony, and the like in order to determine the factual dispute."  Titus v. Sullivan, 4 F.3d 590, 593 (8th Cir. 1993).  If the defendant brings a facial attack under Rule 12(b)(1) by arguing that under the facts alleged in the complaint the court does not have subject matter jurisdiction, then the court will treat the factual allegations in the complaint as true and will determine whether those allegations are sufficient to establish subject matter jurisdiction. See Osborn, 918 F.2d at 729, n.6.

The Federal Tort Claims Act (FTCA), confers exclusive jurisdiction upon United States district courts over civil actions for money damages alleged to have been caused by the negligent or wrongful act or omission of any employee of the government acting within the scope of his or her employment, under circumstances where the United

States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred. 28 U.S.C. § 1346(b). "An action against the United States is the only remedy for injuries caused by federal employees acting within the scope of their employment." *Anthony v. Runyon*, 76 F.3d 210, 212-13 (8th Cir. 1996); 28 U.S.C. § 2679(b)(1). A suit against an individual government employee defendant is deemed to be an action against the United States on certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose. 28 U.S.C. § 2679(d)(1); *see* 28 C.F.R. 15.4 (delegating authority for certification to the United States Attorney for the district in which the action is brought).

Accordingly, the court finds the motion to dismiss defendant Slocum should be granted. Because the United States is already a party, there is no need to substitute it for defendant Slocum.

Dated this 10th day of December, 2014

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge